FILED
SCRANTON
APR 1 5 2021
PER _____ DEPUTY CLERK

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Middle |
|---|---|
| Name (under which you were convicted): Jay Eugene Reed | Docket or Case No.: |
| Place of Confinement: United States Penitentiary - Tucson | Prisoner No.: 72881-067 |
| UNITED STATES OF AMERICA  v.  Jay Eugene Reed | Movant (include name under which convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the Middle District of Pennsylvania, Harrisburg, Pennsylvania

   (b) Criminal docket or case number (if you know): 1:15-CR-00193

2. (a) Date of the judgment of conviction (if you know): February 2, 2017

   (b) Date of sentencing: November 13, 2018

3. Length of sentence: 840 months (70 years)

4. Nature of crime (all counts):
   Count One: 18 U.S.C. § 2251(a)
   Count Two: 18 U.S.C. § 2252A(a)(2) and (a)(5)(B)
   Counts Three and Four: 18 U.S.C. § 1512(b)(3)
   * * *
   * * *

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

   N/A
   N/A
   N/A
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?     Yes ☒     No ☐

9. If you did appeal, answer the following:

   (a) Name of court: __United States Court of Appeals for the Third Circuit__

   (b) Docket or case number (if you know): __18-3511__

   (c) Result: __Affirmed__

   (d) Date of result (if you know): __December 4, 2019__

   (e) Citation to the case (if you know): __United States v. Mitchell, (3rd Cir. 2004)__

   (f) Grounds raised: __The District Court improperly dismissed the psychiatric expert opinion. The imposition of a 70-year sentence on Mr. Reed was substantively unreasonable.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒     No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): __19-8097__

   (2) Result: __Denied__

   (3) Date of result (if you know): __April 20, 2020__

   (4) Citation to the case (if you know): __Holguin-Hernandez v. United States__

   (5) Grounds raised: __The Third Circuit's ruling that a party offering expert testimony must re-object at the end of a sentencing to preserve an adverse evidentiary ruling, is contrary to the Supreme Court's recent ruling in Holguin-Hernandez, and the governing rules.__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: __United States Court of Appeals for the Third Circuit__

    (2) Docket or case number (if you know): __18-3511__

    (3) Date of filing (if you know): __March 21, 2019__

    (4) Nature of the proceeding: __Pro Se Motion Requesting Amendment of Appeal__

    (5) Grounds raised: __Multiple issues requested by Mr. Reed to be added to__

<u>Direct Appeal. See attached Exhibit 1 and supporting memorandum of law and argument.</u>

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐ No ☒

(7) Result: <u>No action taken pursuant to 3rd Cir. L.A.R. 27.8</u>

(8) Date of result (if you know): <u>April 10, 2019</u>

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: <u>United States Court of Appeals for the Third Circuit</u>

    (2) Docket or case number (if you know): <u>18-3511</u>

    (3) Date of filing (if you know): <u>March 26, 2019</u>

    (4) Nature of the proceeding: <u>Pro Se memorandum preserving issues.</u>

    (5) Grounds raised:

<u>Arguments are preserved when they are within the overarching question of the proceedings.</u>

<u>See attached Exhibit 2 and supporting memorandum of law and argument.</u>

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐ No ☒

(7) Result: <u>No action taken pursuant to 3rd Cir. L.A.R. 27.8</u>

(8) Date of result (if you know): <u>April 10, 2019</u>

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:     Yes ☐ No ☒

    (2) Second petition:     Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

<u>First and second petition were sent to the Federal Appellate Court prior to filing Brief of Appellant in the Third Circuit.</u>

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** <u>Jay Eugene Reed's substantively unreasonable sentence of 840 months was the product of ineffective assistance of counsel.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>At the time of Jay Eugene Reed's arrest, he did not have a criminal history other than 1 DUI.</u>
<u>Jay Eugene Reed's instant offenses place him in a Criminal History Category I.</u>
<u>Jay Eugene Reed pled guilty and accepted responsibility for his actions.</u>
<u>Jay Eugene Reed suffers from physical and mental disabilities.</u>
<u>Jay Eugene Reed is a veteran who served in the United States Army.</u>

<u>See supporting memorandum of law and arguments.</u>

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____
N/A
N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☒   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: <u>Pro Se Motion Requesting Amendment of Appeal</u>

Name and location of the court where the motion or petition was filed:
<u>United States Court of Appeals for the Third Circuit</u>

Docket or case number (if you know): <u>18-3511</u>

Date of the court's decision: <u>April 10, 2019</u>

Result (attach a copy of the court's opinion or order, if available):
<u>No action taken pursuant to 3rd Cir. L.A.R. 27.8. Exhibit 3 attached</u>
<u>to memorandum in support of motion under 28 U.S.C. § 2255.</u>

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

Page 6

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The United States Court of Appeals for the Third Circuit refused to accept pro se argument pursuant to 3rd. Cir. L.A.R. 27.8.
N/A
N/A
N/A

GROUND TWO: Jay Eugene Reed's unknowing and involuntary plea of guilty was the product of ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to advise Mr. Reed of the possible outcome of a jury trial. Counsel advised Mr. Reed he would receive no more than 15 years. Counsel advised Mr. Reed all charges would fall under the promised 15 year sentence.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Counsel refused to argue this issue even though defendant requested him to do so. See Exhibit 1 attached to memorandum in support of motion under 28 U.S.C. § 2255.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Pro Se Motion Requesting Amendment of Appeal

Name and location of the court where the motion or petition was filed: United States Court of Appeals for the Third Circuit

Docket or case number (if you know): 18-3511

Date of the court's decision: April 10, 2019

Result (attach a copy of the court's opinion or order, if available): No action taken pursuant to 3rd Cir. L.A.R. 27.8. Exhibit 3 attached to memorandum in support of motion under 28 U.S.C. § 2255.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The United States Court of Appeals for the Third Circuit refused to accept Pro Se argument pursuant to 3rd Cir. L.A.R. 27.8.

**GROUND THREE:** The defective indictment used to convict Jay Eugene Reed was the product of ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The indictment contains only the verbage of the statute.

Page 8

<u>The indictment does not describe Mr. Reed's alleged conduct.</u>
<u>The indictment does not describe when or where the alleged offenses took place.</u>
<u>The indictment does not list a time frame of the alleged offenses.</u>
<u>The indictment lacks means rea.</u>

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>Counsel refused to argue this issue even though defendant requested him to do so. See Exhibit 1 attached to memorandum in support of motion under 28 U.S.C. § 2255.</u>

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: <u>Pro se Motion Requesting Amendment of Appeal</u>

Name and location of the court where the motion or petition was filed: <u>United States Court of Appeals for the Third Circuit</u>

Docket or case number (if you know): <u>18-3511</u>

Date of the court's decision: <u>April 10, 2019</u>

Result (attach a copy of the court's opinion or order, if available): <u>No action taken pursuant to 3rd Cir. L.A.R. 27.8. See Exhibit 1 attached to memorandum in support of motion under 28 U.S.C. § 2255.</u>

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order, if available): _____
_____N/A_____
_____N/A_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **The United States Court of Appeals for the Third Circuit refused to accept pro se argument pursuant to 3rd Cir. L.A.R. 27.8.**

**GROUND FOUR:** Jay Eugene Reed received ineffective assistance of counsel in failure to protect undiscoverable expert's report and failure to raise issues.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
Dr. Datillio's report was allowed in violation of Fed.R.Crim.P. 16(b)(1)(B)(ii).
The court offered scientific opinion.
The court failed to apply the Daubert standard on expert testimony.
Dr. Joseph Silverman holds a degree in Psychiatry.
Dr. Frank M. Datillio holds a degree in Psychology.
A Psychiatry degree requires several more years of training and education then a Psychology degree.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____N/A_____
_____N/A_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☒  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **Pro se Motion Requesting Amendment of Appeal**

Name and location of the court where the motion or petition was filed: _____
**United States Court of Appeals for the Third Circuit**

Docket or case number (if you know): **18-3511**

Date of the court's decision: **April 10, 2019**

Result (attach a copy of the court's opinion or order, if available): No action taken pursuant to 3rd Cir. L.A.R. 27.8.  See Exhibit 2 attached to memorandum in support of motion under 28 U.S.C. § 2255.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The United States Court of Appeals for the Third Circuit refused to accept pro se argument pursuant to 3rd Cir. L.A.R. 27.8.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds in this motion have been presented in some Federal court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

N/A

N/A

                            N/A

                            N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Thomas Thornton, Federal Public Defenders Office__

(b) At arraignment and plea: __Thomas Thornton, Federal Public Defenders Office__

(c) At trial: __Thomas Thornton, Federal Public Defenders Office__

(d) At sentencing: __Thomas Thornton, Federal Public Defenders Office__

(e) On appeal: __Frederick Ulrich, Federal Public Defenders Office__

(f) In any post-conviction proceeding: __Jay Eugene Reed, Pro se__

(g) On appeal from any ruling against you in a post-conviction proceeding: __Jay Eugene Reed, Pro se__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

                          N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Jay Eugene Reed was sentenced on October 30, 2018.

A timely Notice of Appeal was filed on November 13, 2018.

An Appellant's Brief was filed on April 1, 2019.

Jay Eugene Reed's sentence was Affirmed by the Third Circuit of Appeals on December 4, 2019.

Jay Eugene Reed filed a timely Petition for Writ of Certiorari on March 19, 2020.

Jay Eugene Reed's Petition for Writ of Certiorari was denied on April 20, 2020.

Jay Eugene Reed's Motion under 28 U.S.C. § 2255 is due by April 20, 2021.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Conviction and sentence vacated, appointment of counsel, immediate release, evidentiary hearing, recusal of sentencing judge.</u>
or any other relief to which movant may be entitled.

<u>Pro se</u>
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on __April 7, 2021__ (month, date, year).

Executed (signed) on __April 7, 2021__ (date).

*[signature]*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. __N/A__
__N/A__
__N/A__

\* \* \* \* \*

JAY EUGENE REED
REG.# 72881-067
USP - TUCSON
P.O. BOX 24550
TUCSON, AZ. 85734

15-193

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG, PA

Dear Clerk,                                      Date: April 7, 2021

    Please file this motion under §2255 and Supporting Memorandum of Law in the perspective Court to be heard for judgment/order.

    Please send all correspondence to me directly.

    Thank you for your valued time.

Respectfully,

Jay Eugene Reed

FILED
SCRANTON
APR 15 2021
PER _____
DEPUTY CLERK

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

## Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

> Clerk, United States District Court for the Middle District of Pennsylvania
> P.O. Box 1148
> Scranton, PA 18501-1148

9. **CAUTION:** You must include in this motion **all** the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.