FILED
SCRANTON

APR 15 2021

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

§
§
§
§
§
§
§

V.

§
§
§

CASE NO. _____

§
§
§
§

JAY EUGENE REED,
        Movant.

§
§
§
§

PRO SE MEMORANDUM OF LAW AND ARGUMENT
IN SUPPORT OF
MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE
BY A PERSON IN FEDERAL CUSTODY
(MOTION UNDER 28 U.S.C. §2255)

COMES NOW, the Movant, Jay Eugene Reed, Pro se, respectfully requesting this Honorable Court to consider the following arguments in support of the instant motion under §2255, and grant the relief requested.

In support thereof Mr. Reed states:

GROUND 1:

Jay Eugene Reed's substantively unreasonable sentence of 840 months was the product of ineffective assistance of counsel:

Mr. Reed argues that his sentence for child pronography offenses is substantively unreasonable because it treated him as the worst of offenders, a subclass of offenders, a first-time sex offender who pled guilty. The Court held it could not find that

sentence substantively unreasonable "no matter how persuasive" it might find Mr. Reed's "policy arguments," saying that to do so would "run contrary to the presumption of reasonableness afforded to sentences falling within or in his case below the Guidelines." That is, it held it could never disagree with a Guideline provision on policy grounds.

That holding is wrong and should be rejected by this Court when it addresses Mr. Reed's very similar argument that a whole subclass of offenders like him is subject to a Guidelines range that is so harsh that it plainly fails to "fulfill the sentencing goals set forth by Congress in 18 U.S.C. §3553(a)." United States v. Herrera-Zuniga, 571 F.3d 569, 586 (6th Cir. 2009). That holding gives far too much significance to the presumption of reasonableness, which is merely an "optional" tool that helps frame appellate arguments and lacks any "independent legal effect." Rita v. United States, 551 U.S. 338, 347, 350 (2007). Likewise it conflicts with holdings of other circuits that have found that certain Guideline provisions create "manifestly unjust" sentencing ranges for classes or subclasses of offenders. United States v. Dorvee, 616 F.3d 174, 187-88 (2nd Cir. 2010) (child-pornography Guideline); see also United States v. Amezcua-Vasquez, 567 F.3d 1050, 1054-58 (9th Cir. 2009) (illegal-reentry Guideline).

This Court should hold that the district court imposed a substantively unreasonable sentence because, when selecting a sentence, it gave unreasonable weight to a manifestly unjust

Guidelines range that placed him in the group of the very worst offenders deserving a life sentence. See, e.g., United States v. Jenkins, 854 F.3d 181, 190 (2nd Cir. 2017)("It was substantively unreasonable for the district court to have applied the enhancements in a way that placed Jenkins at the top of the range with the very worse offenders where he did not belong."). Mr. Reed is aware district courts, have issued consecutive sentences for possession and receipt of images violating double jeopardy. But becuase the district court did not independently select a new sentence, it has not exercised its discretion, and its substantive error remains.

In any event, as Mr. Reed argues, any sentence longer than about 30 years would effedtively be a life sentence for him. See generally United States v. Grant, 887, F.3d 131, 152 (3rd Cir. 2018)(adopting a "rebuttable presumption that a non-incorrigible juvenile offender should be afforded an opportunity for release before the national age of retirement" in order to comport with the Eighth Amendment's prohibition of a life sentence in that contact). This Court should hold that Mr. Reed'd essentially life sentence is substantively unreasonable.

Furthermore Mr. Reed cites new authority, United States v. Killen, 2018 U.S. App. LEXIS 8156 (11th Cir. 2018), in which the Eleventh Circuit found that a 139-year sentence for, among other things, coercing minors to produce child pornography was substantively unreasonable. The "Killen" court explained that an effective life sentence for Killen, would create sentencing

3

disparities with other offenders since other child-pornography-production offenders had engaged in worse behavior. Id. at *29-30. It said the disparity "factor requires particular attention in the context of child pornography offenses, in light of the wide range of conduct that can constitute this type of offence, as well as the breadth of sentence authorized." Id.

Indeed, cases show that many offenders have received sentences far short of the sentence that Mr. Reed received even though their conduct was worse and they did not even accept responsibility. See, e.g., United States v. Sanchez, 440 F.App'x 436 (6th Cir. 2011)(reporting 30-year sentence for defendant who molested his daughter from age 6 to 12; had prior conviction for molesting stepson); United States v. Price, 2012 U.S. Dist. LEXIS 98397, *33-34 (D.C. Ill. 2012)(Imposing 18-year sentence on defendant who posed daughter from age 9 to 11 for pornography; claimed he had the right to do so); United States v. Barry, 634 F.App'x 407 (5th Cir, 2015)(reporting 27-year sentence for defendant who used adopted, disabled toddlers to make pornography); United States v. Street, 531 F.3d 703 (8th Cir 2008)(affirming 30-year sentence for defendant who molested daughter and step-daughter for years); United States v. Dotson, 715 F.3d 576 (6th Cir. 2013)(reporting 22-year sentence for defendant who molested girlfriend's four-year-old daughter).

Mr. Reed's sentence of 70 years is plainly disproportionate.

GROUND 2:

Jay Eugene Reed's unknowing and involuntary plea of guilty was the product of ineffective assistance of counsel:

In Tollet v. Henderson, the Supreme Court explained, a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. 411 U.S. 258, 267, 93 S.Ct. 1602. 36 L.Ed.2d 235 (1973). The Supreme Court recognized, though, that a criminal defendant can bring claims "attacking the voluntary and intelligent character of the guilty plea," such as claims that the defendant "pleaded guilty on the advice of counsel" that "was not 'within the range of competence of attorneys in criminal cases.'" Id. at 266-67 (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). This includes cases in which counsel has "failed to evaluate properly the facts giving rise to a constitutional claim, or failed to inform himself properly of facts that would have shown the existance of a constitutional claim." Id. at 266-67. The Supreme Court emphasized, however, that while the petitioner "must, of course, prove that some constitutional infirmity occurred in the proceedings," the "focus of federal inquiry is the nature of the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266. Nevertheless

while claims of proper constitutional deprivations "are not themselves independent grounds for federal relief," they "may play a part in evaluating the advice rendered by counsel." Id. at 267.

Mr. Reed's plea of guilty was "the product of ineffecctive assistance of counsel," or "tainted by ineffective assistance of counsel," United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). See also United States v. Teeter, 257 F.3d 14, 25 n.9 (1st Cir. 2001)("This category of situations in which denying a right would work a miscarriage of justice is infinitely variable, but, by way of illustration, it would include within its situations in which appellants claim ... that the plea proceedings were tainted by ineffective assistance of counsel."); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000)("Waiver of the right to seek Section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter a plea of guilty was not knowing and voluntary because it was the result of ineffective assistance of counsel").

GROUND 3:

The defective indictment used to convict Jay Eugene Reed was the product of ineffective assistance of counsel:

The indictment "fails to make sufficient factual assertion to support the government's contention that Mr. Reed committed the crime alleged in each count"; and the jury "relied on insufficient and erroneous information when charging Mr. Reed with the

offenses alleged in Counts One and Two." With respect to the first
contention, Mr. Reed argues that the indictment does not include
sufficient facts to support the crimes charged and to properly
apprise Mr. Reed of "the nature of the accusations against him."
For example, as to all counts, Mr. Reed's claims there is not an
adequate description of when and where the alleged offenses took
place, and the "time frame" broadly "spans a period of two months".
In addition, Mr. Reed asserts that the child pornography charges
(Count One and Two) "fail to describe the nature or type of
'sexually explicit conduct'" the child allegedly engaged in and
"fail to provide a factual basis for the interstate of foreign
commerce nexus." Furthermore, says Mr. Reed, in the pornography-
production-related count, there are no facts to indicate the
requisite means rea (i.e., purposeful production of child
pornography and knowledge and intent to use a minor) or the
specific acts that he allegedly committed and "the manner in which
it is alleged that he" committed them.

Mr. Reed's line of argument relates only to the child
pornography charges. Mr. Reed maintains that a properly instructed
grand jury that was looking solely at the facts alleged in the
indictment and "the evidence provided to the defense through
discovery" "would have declined to charge" him with the various
acts of production and possession of child pornography, because
the statute does not criminalize the mere capture of "a nude
visual depiction of a minor" nor engaging in "sexually explicit
conduct" or the more passive participarion in said production. As

a result, Mr. Reed argues that the grand jurors were deprived of all pertinent information needed to make an "independent, fair, or intelligent" determination to indict Mr. Reed and this deprivation violated his Fifth Amendment rights to due process and to a grand jury's protection from "arbitrary and oppressive government action" and from "being harassed by unfounded and vexatious accusations".

A facially valid indictment is intended to guarantee at least two core constitutional protections. The first is notice: an "indictment's main purpose is to inform the defendant of the nature of the accusation against him." This protection is established in the Sixth Amendment, which provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI; see also Fed. R. Crim. P.7(c)(1) (requiring that a criminal indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged"). A valid indictment also preserves the Fifth Amendment's protection against abusive criminal charging practices; specifically, it guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed on, and that a defendant who is convicted of a crime so charged cannot be prosecuted again for that same offense. See Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (explaining that the Grand Jury Clause of the Fifth Amendment "limits a defendant's jeopardy to offenses charged by a group of

his fellow citizens acting independently"); see also Puerto Rico v. Sanchez Valle, 136 S.Ct. 1863, 1867, 195 L.Ed.2d 179 (2016) ("The Double Jeopardy Clause of the Fifth Amendment prohibits more than one prosecution for the 'same offense.'") No less an authority than the Supreme Court of the United States has repeatedly explained that careful drafting in the "language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury" and that "the precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, in case any other proceedings are taken against the defendant for a similar offense, ... the record will show with accuracy to what extent he may plead a former aquittal or conviction" Sanabria v. United States, 437 U.S. 54, 65-655, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).

Given these core constitutional values, a indictment must meet certain requirements in order to survive a pretrial challenge to its facial sufficiency. "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). "The general test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge

9

as stated in the indictment" <u>United States v. Conlon</u>, 628 F.2d
150, 155, 202 U.S.App.D.C. 150 (D.C. Cir. 1980); therefore, "an
indictment is sufficient if it clearly informs the defendant of
the precise offense of which he is accused so that he may prepare
his defense."

It is important to note that  in order to meet the
requirements of the <u>Sixth Amendment</u>, an indictment must contain
every element of the offense charged and must fairly apprise the
accused of the conduct that allegedly constitutes the offense so
as to enable him to prepare a defense against those allegations.
To be sure, "the language of the statute may be used in the
Government's general description of an offense, but it must be
accompanied with such a statement of facts and circumstances as
will inform the accused of the specific offenses, coming under
the general description, with which he is charged." (<u>Hamling</u>, 418
U.S. at 117-18). Courts have found that it is especially important
to include such facts and circumstances in cases where, by solely
tracking the statutory language, the indictment's terms create
ambiguity regarding the defendant's conduct. See <u>United States v.</u>
<u>Carll</u>, 105 U.S. 611, 612, 26 L.Ed. 1135 (1881) (finding that "it
is not sufficient to set forth the offense in the words of the
statute, unless those words by themselves fully, directly, and
expressly, without any uncertainty or ambiguity, set forth all the
elements necessary to constitute the offense intended to be
punished." Thus, "an indictment not framed to apprise the
defendants 'with reasonable certainty of the nature of the

10

accusation agains them is defective, although it may follow the language of the statute,'" (quoting United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1877)).

When testing the sufficiency of the charges in an indictment, "the indictment must be viewed as a whole and the allegations therein must be accepted as true at this stage of the proceedings." Moreover, the Court "is limited to reviewing the facts of the indictment and, more specifically, the language used to charge the crimes." The key question is whether the allegations in the indictment, if proven, are sufficient to permit a petit jury to conclude that the defendant committed the crminial offense as charged.

The indictment at issue in this case is, for the most part, a verbatim recitation of the broad and varied statutory elements of the offenses that are charged against Mr. Reed in Counts One and Two. Among other things, Mr. Reed argues that the "limited facts contained" in the indictment render this charging document constitutionally deficient, because the indictment does not "sufficiently apprise Mr. Reed of what he must be prepared to meet at trial" or "enable Mr. Reed to identify the conduct on which the government intends to base its case." The federal child-pornography charges that appear in the indictment (Counts One and Two) do not contain any facts that describe the conduct of Mr. Reed's that the government believes constitute criminal behaviors, and thus, these counts of the indictment fail to provide adequate notice of the factual bases for the myriad, manifestly

indistinguishable charges that the government has brought. Nor do the indictment's vague child-pornography allegations provide adequate protection for Mr. Reed's grand jury and double jeopardy rights, as a result, the federal child-pornography counts in the indictment (Counts One and Two) are constitutionally deficient and must be dismissed.

The child-pornography charges violate the <u>Sixth Amendment</u> because they fail to provide Mr. Reed with adequate notice. It is axiomatic that "a crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances" if the charging document is to comport with the Constitution. <u>United States v. Cruikshank</u>, 92 U.S. 542, 558, 23 L.Ed. 588 (1875); see also <u>U.S. Const. Amend. VI</u> ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation against him."). To satisfy the protections that the <u>Sixth Amendment</u> guarantees, "facts are to be stated, not conclusions of law alone." <u>Cruikshank</u>, 92 U.S. at 588. In other words, "the accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proven, would establish prima facie the accused's commission of that offense." <u>United States v. Silverman</u>, 745 F.2d 1386, 1392 (11th Cir. 1984).

"The requirement that an indictment contain a few basic factual allegations accords the defednants adequate notice of the charges against them and assures them that their prosecution will proceed

12

on the bases of facts presented to the grand jury." United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir. 1979). "The ... generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged." Conlon, 682 F.2d at 155. Furthermore, and most importantly for present purposes, "it is an elementary principle of criminal pleading that where the definition of an offense ... includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state species, it must descend to particulars." (Quoting Cruikshank, 92 U.S. at 558). Thus, an indictment that mirrors the exact language of a crminal statute may nevertheless be dismissed as constitutionally deficient if it is "not framed to apprise the defendant 'with reasonable certainty of the nature of the accusation against him'" (Quoting Simmons, 96 U.S. at 362).

The indictment at issue here clearly fails to satisfy these basic constitutionally mandated principles. Each of the child-pornography-related counts that the government has filed against Mr. Reed (Counts One and Two of the indictment) provides only a verbatim recitation of the language of the criminal statute, devoid of any facts regarding the circumstances of Mr. Reed's behavior and admorned only with the broadest possible references to time and place. Based on the indictment, one knows only that Mr. Reed did something involving visual depictions of sexually

13

explicit conduct of a minor during periods of time that span two months, and that the government has chosen to charge this alleged criminal activity (whatever it is) in seperate counts. The indictment is barren of factual averments regarding the what, where, or how of Mr. Reed's conduct, and thus, a non-clairvoyant reader cannot possibly ascertain the substance of the government's accusations from the face of the charging instrument.

This lack of particularity or specificity regarding Mr. Reed's actions also make it impossible to discern - and therefore to distinguish between - the conduct underlying each seperate count. Because nothing in these counts reveals the perticular conduct that Mr. Reed allegedly engaged in during this overlapping two month period, one cannot tell whether the charges relate to distinguishable or seperate child-pornography-production offenses, and, indeed, it is not at all clear that these counts even reference different acts on the Defendant's part.

An indictment that is drawn in the generic words of a statute and that fails entirely to describe in any meaningful way the acts of the defendant that constitute the offenses charged is insufficient to notify a defendant of the nature of the accusations against him. An indictment "following the generic wording of a statute" but lacking "any factual allegation whatsoever" with respect to a key element of the offense is "fatally defective".

It is elementary that an information or indictment must set out the facts constituting the offense, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and

to inform the court of their sufficiency to sustain the conviction ... in other words, when the accused is led to the bar of justice, the information or indictment must contain the elements of the offense with which he is charged, with sufficient clearness to fully advise him of the exact crime which he is alleged to have committed, by failing to specify the defendant's particular conduct, the indictment is "too vague, general, and uncertain to meet the requirements of the established rules of criminal pleading," which in turn rendered it "insufficient in law".

The indictment's silence regarding the facts that underlie the child-pornography counts also raises the specter of a <u>Fifth Amendment</u> violation. The specific child-pornography offenses that the grand jury authorized cannot be ascertained on the face of this indictment, the <u>Fifth Amendment</u>'s mandate that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury" is every American citizen's safeguard against unfounded charges. <u>U.S. Const. Amend. V</u>; see <u>United States v. Cotton</u>, 535 U.S. 625, 634, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (explaining that "the <u>Fifth Amendment</u> grand jury right serves a vital function in providing for a body of citizens that acts as a check on prosecutorial power"). "In this respect a defendant's <u>Fifth Amendment</u> right to indictment by grand jury intersects the <u>Sixth Amendment</u> right 'to be informed of the nature and cause of the accusation' in criminal prosecutions." Nearly every circuit court of appeals has expressly held, the requirement that an indictment

15

"allege the essential facts constituting the offense" in addition
to stating "each element of the offense" is borne out of the
protections guaranteed by the "Grand Jury Clause". "Little may be
left to construction or interpretation of an indictment" after
the grand jury returns its charge, because "if the offense is not
plainly stated and is made so only by a process of interpretation,
there is no assurance that the Grand Jury would have charged such
an offense." Van Liew v. United States, 321 F.2d 664, 669 (5th Cir.
1963). And where there is ambiguity, "the principle harm suffered
by the defendant because of the lack of precision in the
indictment results from his inability to discern the specific
underlying offense, if any, that the grand jury had in mind when
it returned the indictment."

Here, the government claims that the grand jury concluded
that there was a probable cause to believe that Mr. Reed had
engaged in certain illegal acts involving child-pornography based
on the prosecutor's oral representations at the time the case was
presented. Specifically, the government maintains that the grand
jury was only instructed to consider facts related to Mr. Reed's
alleged surreptitious images, and that the grand jury was told to
consider these charges in light of the individual photographs
that the prosecutor said corresponded to each specific count in
the indictment. But the grand jury proceedings are not conducted
publically. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441
U.S. 211, 218 n.9, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) ("Since
the 17th century, grand jury proceedings have been closed to the

public, and records of such proceedings have been kept from the public eye."). Thus, even if the government instructed the grand jury in the represented fashion and provided the surreptitious photographs as proof, in the absence of a written charge that includes this factual basis for the grand jury's probable cause finding, one cannot know with the requisite degree of certainty that the criminal charges that appear in the indictment are actually based on the information so presented. See Gaither v. United States, 412 F.2d 1061, 1070-71, 134 U.S. App. D.C. 154 (D.C. Cir. 1969) (noting that, unless explicity charged on the face of the indictment, "the prosecutor can know the grand jury's will only by guesswork from the evidence he has presented to the jurors" but "he cannot know the actual tenor of their deliberations or decisions"); Jeffers v. United States, 392 F.2d 749, 752 (9th Cir. 1968) (finding that, unless explicitly stated in the indictment, a court "cannot say" that "the theory now advanced by the government" as the basis for the charge is "the same theory adopted by ... the grand jury," or that a petit jury will ultimately convict on "the same theory" found by the grand jury).

In other words, while "it may well be the grand jury intended the surreptitious photographs to  constitute the substance of the offense it sought to charge" in each of the purportedly corresponding child-ponography counts, "it did not ... say so, and a trial jury may be permitted to guess at the grand jury's unexpressed intent." United States v. Pickett, 209 F.Supp.2d 84,

88-89 (D.D.C. 2002). (dismissing a count because the indictment's recitation of the statutory elements, without further description of the defendant's specific acts constituting the offense, did not provide a sufficient indication of the grand jury's intent); see also United States v. Pirro, 212 F.3d 86, 92 (2nd Cir. 2000) ("The Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in the elements of its cause with facts other than those considerd by the grand jury.") And it is well established that "to allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure, for a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." Consequently, where, as here, the indictment omits the particular facts that purportedly led the grand jury to conclude that (if proven) the elements of the charged offense would be satisfied with respect to Mr. Reed, the charging document is deficient with respect to the Fifth Amendment's right to be tried only upon charges found by a grand jury.

Counts One and Two do not provide Mr. Reed with effective protection against the risk of double jeopardy. The factual omissions in Counts One and Two of Mr. Reed's indictment also

implicate Mr. Reed's <u>Fifth Amendment</u> right to be free from the
risk of double jeopardy. In this case, that risk is doubly
concerning, becuase not only do the child-pornography charges
lack sufficient specificity to enable Mr. Reed to plead
conviction or acquittals as a bar to a future prosecution, the
various substantively identical child-pornography counts also
create a risk that Mr. Reed might be punished more than one time
for the same offense. See <u>Ohio v. Johnson</u>, 467 U.S. 493, 397-98,
104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("The Double Jeopardy
Clause, of course, affords a  defendant three basic protections:
it protects against a second prosecution for the same offense
after conviction. And it protects against multiple punishments
for the same offense." It is clear that (Due Process requires the
criminal charges be specific enough to protect defendant from this
danger"); yet, the "multiple, identically worded counts" in the
indictment at issue there contains "no specificity regarding the
factual offenses Mr. Reed allegedly committed," and, thus, fail
to satisfy that essential function.

The broadly-worded and factually sparse child-pornography
counts in Mr. Reed's indictment - none of which are tied to any
particular act or photograph on the face of the charging
document - suffer from this same defect, because the allegations
are insufficient to establish the boundaries of the charged
conduct, and thus it is not at all clear that a future prosecution
for conduct arising out of these same charges would be barred.
See <u>Pickett</u>, 209 F.Supp.2d at 89 (finding, with respect to an

19

indictment without specific factual averments, that no "other
court considering the identical charge in a future indictment,
could say, upon a subsequent prosecution of defendant, that the
jury's verdict in this case operated as a bar to that prosecution").
Furthermore, based on the indictment as drafted, it is possible
that Mr. Reed could be punished more than once for the exact same
offense in the context of this very prosecution. For example,
because the indictment itself does not distinguish between the
various photographs upon which the government purportedly has
based the charges,  the jury might convict Mr. Reed of producing
a pornographic photograph and also convict him of attempting to
produce that very same photograph. Likewise, the vagueness with
respect to each count results in a unanimous consensus among the
jurors regarding Mr. Reed's guilt with respect to a particular
count, but a lack of unanimity regarding the offensive conduct
that is the basis for each juror's vote.

Noteably, the requirement that the government provide
sufficient facts to establish the nature of the different offenses
and to differentiate one count from another does not, by any means,
demand high levels of exactitude: "requiring some minimal
differentiation between criminal counts is quite different from
requiring exact time and place specifications." The government
has not pointed to one case that contradicts the established
principle that adequate "differentiation will often require
reference to date ranges or time ranges or certain locations or
certain actions." As relevant here, adequate notice of the

particular conduct that underlies each of the various counts with
which Mr. Reed has been charged might require a specific reference
to the actus reus (e.g., "surreptitious photography") and the
approximate location where this conduct took place inside the
home (e.g., bathroom or bedroom), along with the numeric file
name or other identifier that is particular to the photograph's
file that is the basis for the count. This information is
apparently readily available, it is clear that the government
could have been more specific in the indictment if it had wanted to.

GROUND 4:

   Jay Eugene Reed received ineffective assistance of counsel in
failure to protect undiscoverable expert report and failure to raise
client requested issues.

   Received ineffective assistance due to counsel's failure to
protect as undiscoverable, the preliminary report of an expert, not
intended for use at trial.

       Federal Rule of Criminal Procedure - Rule 16(b)(1)(B)(ii):
       Reports of Examinations and Tests:
       Defendant must permit the government, upon request, to
       inspect and to copy or photograph the results or reports of
       any phsycial or mental examination and of any specific test
       or experiment if:
       (ii) the defendant intends to use the item in the defendant's
       case-in-chief at trial, or intends to call the witness who
       prepared the report and the report relates to the witness's
       testimony.

Here, Dr. Franklin M. Datillio, prepared a preliminary Psychological
Evaluation Report, dated November 9, 2016. The report was not going
to be used at trial, as it reached conclusions which were not favorable
to the defendant, after only minimal evaluation. Since Dr. Datillio's
report was not going to be finalized and Dr. Datillio was not going to

testify at trial, the Defendant's attorney would not have had to disclose the report to the government.

Mr. Reed's attorney hired a new expert and asked that a new psychological evaluation be conducted by Dr. Silverman. Dr. Silverman was not asked to conduct the psychological testing that Dr. Datillio conducted; rather defense attorney gave Dr. Silverman a copy of Dr. Datillio's preliminary report. Dr. Silverman conducted some psychological evaluation and medical testing and concluded that Mr. Reed was laboring under the burden of a brain dysfunction at the time of the offense, conclusion which Dr. Datillio never explored. However, because Dr. Silverman also relied on Dr. Datillio's preliminary report as a source of information, Dr. Datillio's report became discoverable by the government and defense counsel provided the report without objection. Thus the government was permitted to cross-examine Dr. Silverman at the sentencing hearing on the statements in the first psychological evaluation, which in turn, cast doubt on Dr. Silverman's conclusions.

The court rejected Dr. Silverman's report, stating, it was "fanciful and really not based in science", it is plain that the court offered a scientific opinion, "not based in science", the court is not authorized to give scientific opinion without data to disprove a scientific report, the court is not a doctor in psychiatry nor psychology, thus any scientific opinion from the court has to come from expert data. The adjective "fanciful" can be seen as a personal bias opinion from the court that is not based on fact. The court also stated "were Dr. Silverman here on a Daubert motion, I

would 'likely' reject the conclusions that he's offered to the court." The use of the adjective "likely" by the court was unnecessary unless some uncertainty exists, it seems the court is struggling with indecision and bias by not applying the Daubert standard, which contains the same language as Federal Rules of Evidence 702.

Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) gave way to a standard for courts to qualify expert scientific testimony: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact at issue; (Joseph S. Silverman, M.D., used his expert scientific, technical and specialized knowledge to conduct a psychiatric evaluation of Mr. Reed, which the court called "fanciful and really not based in science" without a rebuttal expert of the same credentials as Dr. Silverman) (2) the testimony is based on sufficient facts or data; (Dr. David Eagleman, P.H.D., reported a similar case to Mr. Reed's in the Atlantic Monthly in July 2011. The neuropathology in that case was frontotemporal dementia, just like Mr. Reed's diagnosis. Mr. Reed was further diagnosed with memory impairment, Diabetes mellitus, significant brain impairment, essential hypertension, mild depression, attention deficit/hyperactivity disorder, gastro-esophogeal reflux disorder, neurocognitive disorder, panic disorder, bridge phobia, sleep apnea, marijuana and alcohol abuse, cocaine and amphetamine use disorder. The foregoing are facts and data derived from Dr. Silverman's examination of Mr. Reed, that the court called fanciful) (3) the testimony is the project of reliable principles and methods; (Dr. Silverman used standard mental status procedure

cognitive testing, depressive symptomatology, Adult ADHD self-report
scale (Alder et al), blood tests, complete blood count, urinalysis,
comprehensive metabolic screen, folic acid level, $B_{12}$ level, thyroid
tests (TSH, $T_3/T_4$), magnetic resonance imaging to diagnose Mr. Reed's
impairments, methods the court stated were not based in science.) (4)
the expert has reliably applied the principles and methods to the
facts of the case; (Dr. Silverman's opinion is based off medical and
psychiatric diagnoses using tested scientific methods that determined
Mr. Reed is not a pedophile but committed a later in life pedophilic
act, Mr. Reed being the second reported case, other similar cases
surely hidden from the public and rejected in biased courts using
fancy adjectives).

It is true that "later in life pedophilic acts" is not listed in
the Diagnostic and Statistical Manual of Mental Disorders (DSM), it
is also true that the DSM is a forever evolving scientific manual
that may include "later in life pedophilic acts" in its next revision,
it is important to note that not too long ago "homosexuality" was
listed in the DSM as a mental disorder, which resulted in thousands
of people being institutionalized simply for being gay, thus relying
on the DSM would require an objective understanding of the text. Dr.
Silverman's report being rejected by the court is a fundamental
miscarriage of justice and a violation of Mr. Reed's Fifth and
Fourteenth Amendments right of Due Process.

Criminal defendants have the right to dictate the objectives of
their defense and to make fundamental decisions.

When a criminal defendant challenges his counsel's tactical
choices, we usually analyze that challenge under the two-prong test

of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But when a defendant is deprived of counsel entirely, the error is structural and the defendant gets a new trial. See Gideon v. Wainwright, 372 U.S. 335, 340-42, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). Likewise, when a defendant insists on representing himself, denying his right to do so is structural. McKaskle v. Wiggins, 465 U.S. 168, 177-78, 104 S.Ct. 944, 79 L.Ed.2d 122 & n.8 (1984). So too is denying a defendant the right to retain counsel of his choice. United States v. Gonzalez-Lopez, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Thus, "the Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Sixth Amendment respects a defendant's right to counsel and right to autonomy by dividing ultimate decisionmaking authority between lawyer and defendant. Lawyers control tactics, while defendants get to set big-picture objectives. For tactical decisions, like which arguments to press and what objections to raise, the lawyer calls the shots. See Gonzalez v. United States, 553 U.S. 242, 248-49, 128 S.Ct. 1765, 170 L.Ed.2d 616 (2008) (citing New York v. Hill, 528 U.S. 110, 114-15, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000)). But fundamental decisions belong to the defendant alone: whether to plead guilty, waive a jury trial, testify, or appeal. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Recently, in McCoy v. Louisiana, the Supreme Court clarified the line between tactical and fundamental decisions. See 138 S.Ct. 1500, 1507-08, 200 L.Ed.2d 821 (2018). On the one hand, "strategic choices

about how best to achieve a client's objectives" are decisions for lawyers, so we review them for ineffectiveness. Id. at 1508. On the other hand, "choices about what the client's objectives in fact are" belong to defendants themselves, and violating a defendant's right to make those choices is structural error. Id.

The Supreme Court vacated McCoy's convictions. The Sixth Amendment it held, guarantees defendants the "auton-omy to decide that the objective of the defense is to assert innocence." 138 S.Ct. at 1508. Violation of that right is structural error. Id. at 1511. The Court observed that a defendant "may wish to avoid, above all else, the opprobrium that comes with admitting he is guilty." Id. at 1508. So "when a client expressly asserts that the objective of 'his de-fence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it." Id. at 1509. (quoting U.S. Const. Amend. VI).

The exhibits attached to this motion in support of § 2255 contain numerous motions to the court and letters to counsel requesting issues preserved and objected to by Mr. Reed, all such motions and letters were rejected by the court and counsel in violation of Mr. Reed's Sixth Amendment right to "a defense" and Fed.R.Ev.103(a)(A) and (B) "claim of error and timely objection". The Supreme Court has indicated a preference for requiring the defendant to object in order to preserve issues for appeal. See Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) ("this limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider

and resolve them."). The <u>Sixth Amendment</u> does not provide merely
that a defense shall be made for the accused, it grants to the
accused personally the right to make his defense. <u>Faretta v.</u>
<u>California</u>, 422 U.S. 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
See Exhibit 1.

Mr. Reed respectfully requests the recusal of Honorable District
Court Judge Yvette Kane, the appearance of bias is plain through the
rejection of Dr. Silverman's report and his expert testimony. Honorable
District Court Judge Yvette Kane taking upon herself the role of
psychiatrist in giving a scientific opinion as rebuttal to Dr. Silverman's
expert testimony is clearly judicial misconduct and a violation of Mr.
Reed's <u>Due Process</u> rights. Due Process requires a "neutral and detached
hearing body." <u>Gagnon v. Scarpelli</u>, 411 U.S. 786, 93 S.Ct. 1756, 36
L.Ed.2d 656 (1973). The "mere appearance of bias" on Honorable District
Court Judge Yvette Kane's part "could diminish the stature" of the
judicial process she represents. See <u>Clemmons v. Wolfe</u>, 377 F.3d 322,
327 (3rd Cir. 2004). In other words, "Justice must satisfy the
appearance of justice." <u>Offutt v. United States</u>, 348 U.S. 11, 13, 75
S.Ct. 11, 99 L.Ed. 11, (1954) (Under 28 U.S.C. § 455(a), "any justice,
judge, or magistrate judge of the United States shall disqualify
himself in any proceeding in which his impartiality might reasonably
be questioned." An objective standard is used to determine whether
"impartiality might reasonably be questioned". <u>Liteky v. United States</u>,
510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). It is
irrelevant whether the judge was actually biased; the inquiry concerns
whether a "reasonable person might perceive bias to exist." <u>In re:</u>

School Asbestos Litig., 977 F.2d 764, 782 (3rd Cir. 1992); see also
In re: Kensington Int'l Ltd., 353 F.3d 211, 220 (3rd Cir. 2003)
(noting lack of actual bias is immaterial because § 455(a) "concerns
the public's confidence in the judiciary, which may be irreparably
harmed if a case is allowed to proceed before a judge who appears to
be tainted."). Recusal is required if "a reasonable person knowing
all the circumstances would harbor doubts concerning the judge's
impartiality." Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356
(3rd. Cir. 1990) (citing United States v. Dalfonso, 707 F.2d 757, 760
(3rd Cir. 1983)). Honorable District Court Judge Yvette Kane's decision
not to recuse herself during Mr. Reed's sentencing hearing and the
instant § 2255 should be reviewed for an abuse of discretion. Securacomm
Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3rd Cir. 2000).

## CONCLUSION

WHEREFORE, Mr. Reed respectfully requests this Honorable Court
to take into consideration the four [4] Grounds listed in the instant
motion under 28 U.S.C. § 2255, the arguments within the Memorandum in
Support of Motion under 28 U.S.C. § 2255, and the evidence shown in
the attached Exhibits. Find for Mr. Reed by vacating his conviction
and sentence, ordering immediate release, ordering appointment of
counsel, ordering an evidentiary hearing, ordering recusal of Honorable
District Court Judge Yvette Kane, and ordering new jury trial.

On this date: _April 7, 2021_          Respectfully Submitted,

_Jay C. Reed_

Jay Eugene Reed

- 28 -

CERTIFICATE OF SERVICE

I hereby certify that on or about _April 7_ , 2021 that a
true and correct copy of this PRO SE MEMORANDUM OF LAW AND
ARGUMENT IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT A
SENTENCE BY A PERSON IN FEDERAL CUSTODY (Motion Under 28 U.S.C.
§2255) was sent out through the mail, postage prepaid, from the
UNITED STATES PENITENTIARY TUCSON, TUCSON ARIZONA, using the PRISON
LEGAL MAIL SYSTEM, to the Clerk of Court for the UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, HARRISBURG,
PA.

AFFIDAVIT

I, Jay Eugene Reed, Movant in the above Habeas Petition,
declare under penalty of perjury that the foregoing is true and
correct, as provided for under Title 28 U.S.C. §1746.

Respectfully submitted,

Jay Eugene Reed
Reg.# 72881-067
USP - Tucson
P.O. Box 24550
Tucson, AZ. 85734

# EXHIBIT SHEET

Case No:                                                    Defendant Exhibits

| No. | Description | Page | Pro se | Court | Docket Number |
|-----|-------------|------|--------|-------|---------------|
| 1 | Motion Requesting Amendment of Appeal | 1-1d | Yes | 3rd Cir. | 18-3511 |
| 2 | Memorandum of Support Preserving | 2-2g | Yes | 3rd Cir. | 18-3511 |
| 3 | Pro se Denials | 3 | N/A | 3rd Cir. | 18-3511 |
| 4 | Motion for leave to proceed Pro se | 3 | Yes | 3rd Cir. | 18-3511 |
| 5 | Correspondence with Counsel | 32 | N/A | 3rd Cir. | 1:15-CR-00193 18-3511 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1

IN THE

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT


UNITED STATES OF AMERICA          :

                                  :    No.18-3511

v.                                :

                                  :

JAY EUGENE REED                   :


PRO SE MOTION REQUESTING AMENDMENT OF APPEAL


COMES NOW, the Defendant, Jay Eugene Reed, Pro se, respectfully requesting this Honorable Court include the foregoing in the above captioned Appeal in order to preserve issues for future pleadings.


In support thereof Mr.Reed states:


1.) Mr.Reed has informed counsel of his wishes, see attached.

2.) Mr.Reed requests ALL issues raised in the Defense Sentencing Memorandum be preserved in the Direct Appeal.

3.) Mr.Reed requests the addition of "Defective Indictment" as an appealable issue, the indictment gives no notice and does not contain the who-what-where-when-how of the charges against Mr.Reed, United States v. Hillie, District D.C., 2018.

4.) Mr.Reed requests the addition of the "no-contact order" as an appealable issue in violation of the §3553 sentencing factors, United States v. Darwish, 5th Circuit, 2018.

5.) Mr.Reed requests the addition of "Possession/Production" as an appealable issue, The lesser offence contains no elements that the greater offence does not, United States v. Rainbow, 8th Circuit, 2016.

6.) Mr.Reed requests the addition of "interstate commerce" as an appealable issue, Mr.Reed did not cross state lines by person or through the Internet, thus not a Federal crime.

7.) Mr.Reed requests the addition of "unreasonable" consecutive sentence as an appealable issue, Gall v. United States,552 U.S.128 S.Ct.586 (2007).

8.) Mr.Reed requests the addition of "tampering with a witness" as an appealable issue, communication between Mr.Reed and witness was after investigation and witness was not summoned to appear before the court.

9.) Mr.Reed requests the addition of life time supervised release "obsessive" as an appealable issue.

10.) Mr.Reed requests sex offender and mental health treatment while incarcerated, and removed from supervised release conditions.

11.) Mr.Reed requests the addition of "plethysmograph" testing imposed without notice as an appealable issue, United States v. Wilson, 6th Circuit, 1998.

12.) Mr.Reed requests the removal of the "visual" testing as a condition of supervised release be added as an appealable issue.

13.) Mr.Reed requests the addition of the "child psychology book" as an appealable issue, the term sexual "exploration" used out of context and to prejudice the court.

14.) Mr.Reed requests the addition of more up-dated recidivism

EXHIBIT 1b

statistics as an appealable issue, sex offenders have the lowest rate of recidivism statistically.

15.) Mr.Reed requests the addition of "badgering" of expert witness by the government as an appealable issue, Dr.Silverman forced to view pictures and demanded new opinion by government.

16.) Mr.Reed requests a more thorough/objective mental health screening.

17.) Mr.Reed requests the addition of and investigation of the judge issuing a psychological opinion as an appealable issue, violation of 28 U.S.C. § 144 and 455.

WHEREFORE, Mr.Reed respectfully requests the addition of the foregoing as preserved issues in Appeal No. 18-351.

Respectfully,

Jay Eugene Red

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

EXHIBIT 1c

CERTIFICATE OF SERVICE

I, Jay Eugene Reed, do hereby certify that on or about
March 21, 2019, I served a copy of the foregoing "Pro Se
Motion Requesting Amendment of Appeal" by placing the original
in the United States Mail, first class, postage prepaid, to
the Clerk of Court for the United States Court of Appeals for
the Third Circuit, and copies sent to the following:

One copy sent to:

    Stephen R. Cerutti,II,Esquire

    United States Attorney's Office

    228 Walnut Street, Room 220

    Harrisburg, PA. 17101

One copy sent to:

    Frederick W. Ulrich,Esq.

    Asst. Federal Public Defender

    100 Chestnut Street, Suit 306

    Harrisburg, PA. 17101

Respectfully,

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

EXHIBIT 1d

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734


Frederick W. Ulrich

Asst. Federal Public Defender


Re: Appeal No. 18-3511


Dear Mr. Ulrich,                    March 21, 2019


   I am respectfully requesting all issues raised in my
criminal sentenceing memorandum be preserved in the current
direct appeal.


   I have attached a motion titled "Pro Se Motion Requesting
Amendment of Appeal." I am requesting you as my counsel to
argue all issues of my case as laid out in my pro se motion to
preserve any future merit that may arise.

   Thank you for your assistance in this matter.


                    Sincerely,


                    Jay E. Reed

EXHIBIT 2

IN THE

UNITED STATES COURT OF APPEALS

FOR THE THIRD DISTRICT


UNITED STATES IF AMERICA,        :

                                 :

v.                               :          No. 18-3511

                                 :

JAY EUGENE REED.                 :


PRO SE MEMORANDUM IN SUPPORT OF

PRESERVING ALL DISTRICT COURT ISSUES


Defining what Preserves an Issue:

Third Circuit case law on the degree of particularity required for preserving an issue for appeal is less than clear. In United States v. Lockett,406 F.3d 207(3rd Cir.2005), the Court stated that arguments made on appeal must be "substantially the same theories" advanced in District Court. In United States v. Dupree,617 F.3d 724(3rd Cir.2010), two Third Circuit Judges suggested that an argument was preserved because it was within the "overarching question" of the proceedings. (Judges Fisher,J., concurring in part and concurring in judgment) (Judge Crown,J., dissenting), agreeing with Judges Fisher's waiver conclusion because the argument on appeal followed the same precedent that was relied on in the District Court and was not precluded by the argument made in that Court.

Although a closer look at Third Circuit cases reveals

consistently that is, an approach requiring exacting
specificity of certain statements in the opinions seem to
suggest varying degrees of specificity. "Overarching
questions" appears less demanding than "substantially the same
theory." which in turn seems less demanding than "specific
issue." Resolving this tension first necessitates
clarification of the terminology for discussing preservation.
Unfortunately, many cases have been imprecise in describing
just what a party waives. Some cases, for example, use the
terms "question," "theory," and "issue" to capture what is
being waived. In other cases, the Court uses "argument" and
"contention." See United States v. Harrison,689 F.3d 301,310
(3rd Cir.2012)("it is well settled that arguments raised for
the first time on appeal are waived absent "good cause.");
United States v. Tracey,597 F.3d 140,149-50(3rd
Cir.2010)(concluding alternative "argument" was waived);
United States v. Frank,864 F.3d 992,1006(3rd Cir.1998)("Since
this contention was not raised in the motion as a ground it is
waived."). Other Circuits have been similarly inconsistent,
using many of the words used here in other Circuit cases, such
as "ground" and "basis." See, e.g., United States v.
Hewlett,395 F.3d 458,460,364 U.S.App.D.C.363(D.C. Cir.2005).

To be sure, some of these words are synonyms, But not all
of them are. The crucial difference between these words goes
to the degree of specificity they entail. In the Courts view,
he synonymous words "question" and "issue" are broader in
scope than the synonymous words "argument," "contention,"
"theory," "ground," or basis" in that the former words can
encompass more than the latter. This is best seen in the

EXHIBIT 2b

Supreme Court interpretation of Rule 14.1(a). That rule explains that "only the question set out in the petition...will be considered by the Court. (Sup.Ct.R.14.1(a). In Lebron v. National R.R. Passenger Corp.,513 U.S.374, 115 S.Ct.961, 130 L.Ed.2d 902(1995), the Court explained that while it "will not reach questions not fairly included in the petition," it will reach "arguments" that are "fairly embraced within the question set forth in the petition. Questions are therefore broader in scope than arguments which the Court used synonymously with theory, because the former can include more than one of the latter.

"Issue" is akin to "question" because it is the term in the Courts procedural rules that serves the same role as a "question" in the Supreme Court's rules. Rule 28(a)(5) requires the appellant's brief to provide "a statement of issues presented for review." Fed.R.App.P.28(a)(5). This rule is based on the 1966 version of Supreme Court Rule 40, 1967 advisory committee's note, which stated that the appellant's brief must include the "questions presented for review," Sup.Ct.R.40(d)(1),388 U.S. 970-71(1966); see also Sup.Ct.R.24.1(a)(retaining this requirement). Given the identical role the words serve in these procedural rules, it is reasonable to treat them as being coextensive in scope. That is, issues and questions may include multiple legal arguments, contentions, theories, grounds, or bases.

With this clarification, the Court is able to reframe the debate regarding waiver of arguments: is raising an issue in a motion or hearing sufficient to preserve any argument within that issue? The decisions in Lockett, and Tracey show that it

is not. In Lockett, the Court concluded that the defendant's appellate argument was waived although he had raised the issue in the District Court through argument. 406 F.3d at 211-12. In Tracey, the court determined that the government waived its appellate argument though an unincorporated, accompanying affidavit that was narrow, even the issue had been raised in the District Court through the government's argument. Tracey, 597 F.3d at 149-50.

These cases show that raising an issue in the District Court is insufficient to preserve for appeal all arguments bearing on that issue. Instead, to preserve a argument, a party must make the same argument in the District Court that he makes on appeal. To be sure, the Court has made statements suggesting otherwise. The waiver majority in Dupree suggests that an argument is preserved if it is within the "overreaching question" raised in the District Court. 617 F.3d at 740 (Judge Fisher, J., concurring in part and concurring in judgment). This suggestion, however, is in conflict with the earlier decision in Lockett and Tracey for which the Court derives the holding that raising an issue is not sufficient to preserve all arguments within the issues. Because these cases were decided earlier, the rule for them is controlling. See Pardini v. Allegheny Intermediate Unit, 524 F.3d 419, 426 (3rd Cir.2008)("The Third Circuit has long held that if its cases conflict, the earlier is the controlling authority and the latter is ineffective as precedent.").

At first glance, Lockett too might be viewed as authority supporting an expansive approach. There, the Court stated that appellate agreements must be "substantially the same" as those

made in the District Court. 406 F.3d at 212. "Substantially"
suggests some degree of latitude. The case makes clear,
however, that this flexibility does not extend to the
substance on the arguments. This is seen in its holding as
waived when a defendant's argument raised in the District
Court was not given voluntarily. Id. at 211-12. If the word
"substantially" actually meant that the parties could change
their substantive arguments, the Court would have come to the
opposite conclusion in Lockett. After all, the scope of
consent and voluntariness of consent both fit within the
general issue of whether there was consent.

Rather than substantive flexibility, the latitude
suggested by Lockett pertains to the parties' ability to
control how they present and support their preserved
arguments. Parties are free, for example, to place greater
emphasis and more fully explain an argument on appeal then
they did in District Court. They may even, within the bounds
of reason, reframe their argument. As explained, however, they
may not change the substance of those arguments.

The conclusion that arguments rather than issues are what
parties preserve or waive is helpful, only so far as there is
a meaningful way to distinguish between issues and arguments
as well as between different arguments. The distinction
between issues and arguments goes to the heart of the dispute
in the case: the degree of particularity required. This degree
is exacting because legal arguments-as well as legal theories,
grounds, and bases-are the most basic building blocks of legal
reasoning.

In Tracey, the Court distinguished between issues and

arguments. The issue was whether an affidavit cured particularity. See 597 F.3d at 146-47. The government offered two arguments for why the affidavit was curative: it was incorporated and if not, it was narrow. Id at 146-49. These are arguments because they do not contain subsidiary legal frameworks of analysis. To be sure, either of these arguments could be lacking for different factual reasons-the affidavit, for instance, may have been narrower but not sufficiently controlling; or it may have been too broad even though it was controlling. But these factual differences are irrelevant for distinguishing between issues and arguments because the facts relevant to an argument will always be relevant to the issue containing the argument.

Tracy instructs that the determination of whether the legal challenge is an issue or an argument for purposes of waiver depends on whether it can be distilled onto separate lines of legal analysis. A legal challenge that present multiple avenues for granting relief is a broad issue. But if the legal challenge presents a single point of contention, which may not be recast or reframed to address a conceptually distinct contention, then what has been advanced is an argument.

Once the arguments made in the District Court of Appeals have been identified, the next task is to determine if they are the same argument. This is often self-evident, but the Third Circuit precedents reveal at least two characteristics that identical arguments always have. First, they depend on the same legal rule or standard. Second, the arguments depend on the same facts. If two arguments do not share one of these

characteristics, they are not the same and the raising of one will not preserve the other. Put differently, to preserve an argument and avoid waiver, the argument presented in the Court of Appeals must depend on both the same legal rule and the same facts as the argument presented in the District Court.

## CONCLUSION

For the foregoing reasons, Mr. Reed respectfully requests all issues raised in district court be preserved for Appeal.

On this date: March 26, 2019          Respectfully submitted,

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

CERTIFICATE OF SERVICE

I, Jay Eugene Reed, do hereby certify that on of about March 26, 2019, I served a copy of the foregoing "Pro se Memorandum in support of preserving all District Court Issues" by placing the original in the United States Mail, first class, postage prepaid, to the Clerk of Court for the United States Court of Appeals for the Third Circuit, and copies sent to the following:

One copy sent to:

Steven R. Cerutti,II,Esquire

United States Attorney's Office

228 Walnut Street, Room 220

Harrisburg, PA. 17101


One copy sent to:

Frederick W. Ulrich,Esq.

Asst. Federal Public Defender

100 Chestnut Street, Suite 306

Harrisburg, PA. 17101

Respectfully,

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **18-3511**

United States v. Reed

To:    Clerk

    1)  Pro Se Motion by Appellant Requesting Amendment of Appeal

    2)  Pro Se Memorandum by Appellant in Support of Preserving All District Court Issues

---

    No action will be taken on the foregoing submissions. Parties represented by counsel may not file a motion or other document pro se. See 3d Cir. L.A.R. 27.8. In the future, only submissions made by counsel will be accepted for filing. Decisions as to what issues will be submitted to the Court are solely within counsel's professional discretion. Accordingly, the submission will be forwarded to Appellant's counsel for whatever action counsel deems appropriate.

For the Court,

 s/ Patricia S. Dodszuweit
Clerk

Dated: April 10, 2019
Tmm/cc: Jay Eugene Reed
Frederick W. Ulrich, Esq.
Stephen R. Cerutti, II, Esq.
Meredith A. Taylor, Esq

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. **18-3511**


United States v. Reed


To:   Clerk


1)  Pro Se Motion by Appellant for Extension of Time to File Supplemental Brief

---

No action will be taken on the foregoing submission.  As stated in the Clerk's order of April 10, 2019, parties represented by counsel may not file a motion or other document pro se.  See 3d Cir. L.A.R. 27.8.  In the future, only submissions made by counsel will be accepted for filing.  Decisions as to what issues will be submitted to the Court are solely within counsel's professional discretion.


For the Court,

 s/ Patricia S. Dodszuweit
Clerk


Dated: April 30, 2019
Tmm/cc: Jay Eugene Reed
Frederick W. Ulrich, Esq.
Stephen R. Cerutti, II, Esq.
Meredith A. Taylor, Esq.

Exhibit 3B

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. <u>18-3511</u>


United States v. Reed


To:    Clerk


1)     Motion by Appellant for Leave to Proceed Pro Se

2)     Motion by Appellant for Leave to Withdraw Motion to Proceed Pro Se

---

The motion to withdraw the motion to proceed pro se is granted.  Given this, no action will be taken on the motion to proceed pro se.


For the Court,

s/ Patricia S. Dodszuweit
Clerk


Dated: May 31, 2019
Tmm/cc: Jay Eugene Reed
Frederick W. Ulrich, Esq.
Meredith A. Taylor, Esq.
Stephen R. Cerutti, II, Esq.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STATES,

        Appellee,


v.                          Case No. 18-3511


JAY EUGENE REED,

        Appellant.


MOTION FOR LEAVE TO PROCEED PRO SE PURSUANT TO
THIRD CIRCUIT LOCAL APPELLATE RULE 27.8


        COMES NOW, the Appellant, Jay Eugene Reed, Pro se, respectfully requesting this Honorable Court for Leave to Proceed as Pro se in Conjunction with Appointed Counsel.

        In support thereof Mr. Reed states:

1.) Mr. Reed requests leave to file supplemental motions along with motions filed by counsel.


2.) Counsel has repeatedly refused to raise issues that have merit, the constantly changing laws frequently change non-meritous issues to issues of great merit, thus preserving all issues for possible future litigation would be a fundamentally fair application of due process.


3.) In the attached letter from counsel dated April 1, 2019

notifying appellant that no action was taken by the court on appellant's Pro se motions pursuant to 3rd Cir.L.A.R.27.8. In said letter, counsel failed to inform Appellant that a "Motion for Leave to Proceed Pro se" could be filed, thus indicating counsel's failure to inform appellant of a complete rule of law and aiding the appellants complaint of ineffective assistance of  counsel.

4.) In an earlier letter from counsel dated April 8, 2019 counsel requests that appellant refrane from sending legal documents and questions to his sister (Deb) who is also an attorney, thus counsel is telling appellant not to communicate with his family about legal concerns.

WHEREFORE, Mr. Reed respectfully requests Leave to Proceed Pro se in the interest of Due Process.

On this date: April  24, 2019          Respectfully submitted,

Jay Eugene Reed

Reg.# 72881-067

USP-Tucson

P.O. Box 24550

Tucson, AZ. 85734

CERTIFICATE OF SERVICE

I hereby certify that on or about April 24, 2019 that a true and correct copy of this "Motion for Leave to Proceed Pro se" was sent out through the mail, Postage Prepaid, from the UNITED STATES PENITENTIARY TUCSON, Tucson, Arizona, to the Clerk of the United States Court of Appeals for the Third Circuit and copies sent to the following:

One copy sent to:

    Frederick W. Ulrich

    Asst. U.S. Public Defender

    100 Chestnut Street

    Suite 306

    Harrisburg, PA. 17101-2540

One copy sent to:

    Christopher B. Wencker, Esq.

    Asst. Public Defender

    201 Fifth Street

    Suite 201

    Huntingdon, PA. 16652

Respectfully submitted,

Jay E. Reed

Reg.# 72881-067

USP-Tucson

P.O. Box 24550 24550

Tucson, AZ. 85734

Exhibit 5



# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237     Fax: (717) 782-3881
*pam.fd.org*

**Federal Public Defender**
HEIDI R. FREESE

**First Assistant Federal Public Defender**
RONALD A. KRAUSS

**Chief, Trial Unit**
LORI J. ULRICH

**Chief, Appellate Unit**
FREDERICK W. ULRICH

*Scranton Office*
+*Williamsport Office*

**Senior Litigator**
THOMAS A. THORNTON

**Assistant Federal Public Defenders**
MELINDA C. GHILARDI*
D. TONI BYRD+
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON

**Staff Attorney**
TAMMY L. TAYLOR+

December 28, 2018

Jay Reed
Reg. No. 72881-067
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

Dear Mr. Reed,

I am very surprised that you are at the penitentiary. Deb has written me and expressed some concern that you are stuck in protective custody for some reason. Could you please write me and explain exactly what is happening to you. If there is anything that I can do to help your situation please let me know. Otherwise, I can certainly use the information to help any future clients who may find himself in the same position that you are in.

My hope is that this is a short-term situation for you. It is certainly not what we hoped for or expected. You have to be strong and push your way through this as you have through everything else up to this point.

I look forward to hearing from you.

Sincerely,

Thomas A. Thornton
Assistant Federal Public Defender

TAT/jmg

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734


Frederick W. Ulrich

Asst. Federal Public Defender


Re: Appeal No. 18-3511


Dear Mr. Ulrich,                    March 21, 2019


   I am respectfully requesting all issues raised in my
criminal sentenceing memorandum be preserved in the current
direct appeal.


   I have attached a motion titled "Pro Se Motion Requesting
Amendment of Appeal." I am requesting you as my counsel to
argue all issues of my case as laid out in my pro se motion to
preserve any future merit that may arise.

   Thank you for your assistance in this matter.


                        Sincerely,


                        Jay E. Reed

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

Clerk of Court

United States Court of Appeals

for the 3rd Circuit

Dear Clerk,                              March 21, 2019

    Please file the enclosed "Pro Se Motion Requesting

Amendment of Appeal" in the perspective Court for

Order/Judgment.

    Please send all correspondence to me directly.

    Thank you for your valued time.

                              Respectfully,

                              Jay Eugene Reed

                              Reg.#72881-067

                              USP-Tucson

                              P.O.Box 24550

                              Tucson, AZ. 85734

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

Andrew J. Shubin

Attorney at Law

Re: Rules of Court

Dear Mr.Shubin,                    March 21, 2019

   Thank you for your help thus far, would there by any any
you can supply me with the Rules of the Pennsylvania state
Courts?

   I am incarcerated in Federal Prison and have no access to
state laws or rules of court, any rules, Laws, Statutes, Etc.
that pertain to my case would be of great help in my
understanding the issues at hand.

   I am "NOT" asking for Legal Advice.

   Thank you for your valued time.

                              Respectfully,

                              Jay Eugene Reed

Jay Eugene Reed

Reg.#72881-067

USP-Tucson

P.O.Box 24550

Tucson, AZ. 85734

Clerk of Court

U.S. Court of Appeals

3rd Circuit

Dear Clerk,                          March 26, 2019

    Please file the enclosed "Pro se Memorandum in Support of
Preserving all District Court Issues" in the perspective Court
for Judgment/Order.

    Also please send all correspondence to me directly.

    Thank you for your valued time.

                              Respectfully,

                              Jay Eugene Reed



**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237    Fax: (717) 782-3881
*pam.fd.org*

| | |
|---|---|
| *Federal Public Defender*<br>HEIDI R. FREESE | *Senior Litigator*<br>THOMAS A. THORNTON |
| *First Assistant Federal Public Defender*<br>RONALD A. KRAUSS | *Assistant Federal Public Defenders*<br>LEO A. LATELLA*<br>MONICA D. CLIATT |
| *Chief, Trial Unit*<br>LORI J. ULRICH | ARI D. WEITZMAN<br>ELLIOT A. SMITH*<br>QUIN M. SORENSON |
| *Chief, Appellate Unit*<br>FREDERICK W. ULRICH | GERALD A. LORD+ |
| | *Staff Attorney*<br>TAMMY L. TAYLOR+ |

*\*Scranton Office*
*+Williamsport Office*

April 8, 2019

Jay Reed
Reg. No. 72881-067
USP at Tucson
P.O. Box 24550
Tucson, AZ 85734

Dear Mr. Reed,

I hope things are finally going better for you at your new location. I'm sure that being outside for the first time in a couple of years has to be enjoyable. I hope that you are safe and reasonably comfortable. Have they assigned you a job yet?

I recently received an email from Deb. Please do not send things to her. I am afraid she could be put in a position where they may take her off from any communication with you and may not allow her to visit. It is best that you send whatever you need to mail out to me. I will then look it over and figure out what you need to do with the items. I think this is a much better way to go and it protects you and your family.

Please write me with any questions or suggestions. Also, pass along my best wishes to Mason.

Sincerely,

Thomas A. Thornton
Assistant Federal Public Defender

cc:    Deb Dahlman

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237      Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+

*Staff Attorney*
TAMMY L. TAYLOR+

*Scranton Office
+Williamsport Office

April 11, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ  85734

     Re:    *United States v. Jay Eugene Reed*
                *Dist. Ct. No. 1:15-CR-00193*
                *Appeal No. 18-3511*

Dear Mr. Reed:

     Enclosed please find an Order I received from the Court of Appeals.

     Sincerely,

     Frederick W. Ulrich
     Asst. Federal Public Defender

FWU/saj
Enclosure

**SCRANTON OFFICE**
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

**WILLIAMSPORT OFFICE**
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836

Jay Eugene Reed

Reg.# 72881-067

USP-Tucson

P.O. Box 24550

Tucson, AZ. 85734


Frederick W. Ulrich

Asst. Federal Public Defendaer


Re:  United States v. Jay Eugene Reed

     Dist.Ct.No. 1:15-CR-00193

     Appeal No. 18-3511


Dear Mr. Ulrich,                    April 12, 2019

        In response to your letter of April 1, 2019. I am sure
you are aware that issues not preserved on direct appeal are
waived for collateral review, I do not want to lose my chance
of arguing these issues.

        I have spent countless hours researching cases in the
prison Law Library, I have read 100's of Appeal arguments on
substantively unreasonable sentences, and have found "NONE"
that has won.

        I understand the backlash an Attorney would face from
his peers and the public if he got a sex offender off easy,
all I ask is do not close all doors to me, allow me to fight
the battle you will not.

        You have misunderstood my arguments on "Darwish" and
"Rainbow", see attached, also only sex offenders get lifetime
suprevision release, that is "excessive" and "obsessive" and

possibly an equal rights violation.

I am requesting that you write a Reply Brief and a Writ of Certiorari.

Sincerely,

Jay E. Reed

We conclude, and the parties agree, that the district court did not have any statutory authority to impose the no-contact condition. District courts may sentence a defendant to a "term of imprisonment." *See* 18 U.S.C. § 3551(b)(3). After a district court sentences a defendant to a term of imprisonment, BOP is charged with implementing that portion of the sentence. *See* 18 U.S.C. § 3586 (directing implementation to be done in accordance with subchapter C of chapter 229); 18 U.S.C. § 3621 (directing that convicted defendants be "committed to the custody of the Bureau of Prisons" and restricting the Bureau's authority in specific situations). Only one provision in the relevant chapter authorizes a district court to prohibit a defendant from "associat[ing] or communicat[ing] with a specified person," and that provision is inapplicable here. *See* 18 U.S.C. § 3582(d) (authorizing district courts to prohibit those convicted of RICO or drug conspiracies from contacting certain individuals). Thus, as the parties recognize, a district court does not have statutory authority to prohibit a defendant from having contact with victims as part of his sentence of imprisonment. *See United States v. Sotelo*, 94 F.3d 1037, 1041 (7th Cir. 1996) (holding so).

CIRHOT                                                   1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A defendant's proper request for a lesser-included-offense instruction will be granted when, among other things, "the elements of the lesser offense are identical to part of the elements of the greater offense," that is, when the lesser offense contains no elements that the greater offense does not. **United States v. Rainbow**, 813 F.3d 1097, 1105 (8th Cir. 2016) (quoting United States v. Felix, 996 F.2d 203, 207 (8th Cir. 1993)). Possession of child pornography includes at least one element that production of child pornography does not: possession. Gomez-Diaz does not dispute this, but he argues that in practice, it is impossible to produce child pornography without{**2018 U.S. App. LEXIS 3**} necessarily possessing it. Gomez-Diaz may be right that a person who produces child pornography often also possesses it,

CIRHOT                                         1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237     Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Scranton Office
+Williamsport Office

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

April 26, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ  85734

Re:     *United States v. Jay Eugene Reed*
        *Appeal No. 18-3511*

Dear Mr. Reed:

I received your *pro se* filing and your letter.  I know that someone is providing you with legal advice, so I'm not sure how to respond to your letter.  But I'll endeavor to address a couple of points.  The statement that you have to raise issues on direct appeal to be able to include them in a collateral challenge under Section 2255 is ridiculous.  The whole purpose behind a collateral challenge is to address issues not raised at trial or on direct review.  If it were designed as you (or whoever is advising you) assert, then during collateral review the issues would be dismissed under collateral estoppel or *res judicata* principles.

As for the arguments about the *Rainbow* and *Darwish* cases, I understand your arguments.  But, you are misconstruing the holdings in those cases.  And while a challenge to the substantive reasonableness of a sentence is a difficult argument to make, once you have pleaded guilty and have not raised any specific legal issues during the sentencing proceeding, that is one of the only arguments you can raise.  Finally, I do believe the issue we raised respecting our expert is merit-worthy.

Sincerely,

Frederick W. Ulrich
Asst. Federal Public Defender

FWU/saj

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



## OFFICE OF THE FEDERAL PUBLIC DEFENDER
### MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237     Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA\*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH\*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH\*
*Staff Attorney*
TAMMY L. TAYLOR+

\*Scranton Office
+Williamsport Office

April 30, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ 85734

     *Re:*    *United States v. Jay Eugene Reed*
              *Appeal No. 18-3511*

Dear Mr. Reed:

      Enclosed please find an order I received from the Court of Appeals.

      Sincerely,

*Frederick W. Ulrich*

Frederick W. Ulrich
Asst. Federal Public Defender

FWU/saj
Enclosure

---

**SCRANTON OFFICE**
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

**WILLIAMSPORT OFFICE**
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



## OFFICE OF THE FEDERAL PUBLIC DEFENDER
### MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237    Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Scranton Office
+Williamsport Office

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

May 15, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ  85734

     *Re:*    *United States v. Jay Eugene Reed*
            *Appeal No. 18-3511*

Dear Mr. Reed:

    Enclosed please find the Government's responsive brief in your appeal.

               Sincerely,

               Frederick W. Ulrich
               Asst. Federal Public Defender

FWU/saj
Enclosure

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237    Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Scranton Office
+Williamsport Office

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

May 28, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ  85734

Re:    *United States v. Jay Eugene Reed*
       *Appeal No. 18-3511*

Dear Mr. Reed:

Enclosed please find the Reply Brief filed in your appeal today.

Sincerely,

Frederick W. Ulrich
Asst. Federal Public Defender

FWU/saj
Enclosure

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836

Jay Eugene Reed
Reg.# 72881-067
USP-Tucson
P.O. Box 24550
Tucson, AZ. 85734

Frederick W. Ulrich, Esq.,
Asst. Federal Defender

Re: Writ of Certiorari

Dear Mr. Ulrich,                              June 10, 2019

In the event my direct appeal is affirmed, please file a
Petition for Writ of Certiorari in the United States Supreme
Court, in said Writ use the attached argument for unreasonable
sentence, also greatly expand on the Dr. Silverman argument to
include his report and findings.

Please send me a copy of the Writ of Certiorari 45 days prior
to the filing deadline to give me the chance to read it and
suggest changes if needed.

Respectfully,

Jay Eugene Reed.

Mr. Jay Eugene Reed argues that his sentence for child pornography offenses is substantively unreasonable because it treated him as the worst of offenders, a subclass of offenders, a first-time sex offender who pled guilty. The Government held it could not find that sentence substantively unreasonable "no matter how persuasive" it might find Mr. Reed's "policy arguments," saying that to do so would "run contrary to the presumption of reasonableness afforded to sentences falling within or in his case below the Guidelines."

That holding is wrong and should be rejected by this Court when it addresses Mr. Reed's argument that a whole subclass of offenders like him is subject to a Guidelines range that is so harsh that it plainly fails to "fulfill the sentencing goals set forth by Congress in 18 U.S.C. §3553(a)." United States v. Herrera-Zuniga, 571 F.3d 569, 586 (6th Cir. 2009). That holding gives far too much significance to the presumption of reasonableness, which is merely an "optional" tool that helps frame appellate arguments and lacks any "independent legal effect." Rita v. United States, 551 U.S. 338, 347, 350 (2007). Likewise it conflicts with holdings of other circuits that have found that certain Guideline provisions create "maifestly unjust" sentencing ranges for classes or subclasses of offenders. United States v. Dorvee, 616 F.3d 174, 187-88 (2nd Cir. 2010)(child-pornography Guideline); see also United States v. Amezcua-Vasquez, 567 F.3d 1050, 1054-58 (9th Cir. 2009)(illegal-reentry Guidline).

This Court should hold that the district court imposed a

substantively unreasonable sentence because, when selecting a sentence, it gave unreasonable weight to a menifestly unjust Guidelines range that placed Mr. Reed in the group of the very worst offenders deserving a life sentence. See, e.g., United States v. Jenkins, 854 F.3d 181, 190 (2nd Cir. 2017)("It was substantively unreasonable for the district court to have applied the enhancements in a way that placed Jenkins at the top of the range with the very worse offenders where he did not belong.").

Because the district court did not independently select a far lower sentence, it has not exercised its discretion, and its substantive error remains. In any event, as Mr. Reed argues, any sentence longer than about 30 years would effectively be a life sentence for him. See generally United States v. Grant, 887, F.3d 131, 152 (3rd Cir. 2018)(adopting a "rebuttable presumption that a non-incorrigible juvenile offender should be afforded an opportunity for release before the national age of retirement" in order to comport with the Eighth Amendment's prohibition of a life sentence in that context). This Court should hold that Mr. Reed's essentially life sentence is substantively unreasonable.

Furthermore Mr. Reed cites new authority, United States v. Killen, 2018 U.S.App. LEXIS 8156 (11th Cir. 2018), in which the Eleventh Circuit found that a 139-year sentence for, among other things, coercing minors to produce child pornography was substantively unreasonable. The "Killen" court explained that an effective life sentence for Killen, would create sentencing disparities with other offenders since other child-pornography-

production offenders had engaged in worse behavior. Id. at *29-30.
It said the disparity "factor requires particular attention in the
context of child pornography offenses, in light of the wide range
of conduct that can constitute this type of offense, as well as
the breadth of sentences authorized." Id.

Indeed, cases show that may offenders have received sentences
far short of the sentence that Mr. Reed received even though their
conduct was worse and they did not even accept responsibility.
See, e.g., United States v. Sanchez, 440 F.App'x 436 (6th Cir. 2011)
(reporting 30-year sentence for defendant who molested his daughter
from age 6 to 12; had prior conviction for molesting stepson);
United States v. Price, 2012 U.S.Dist. LEXIS 98397, *33-34
(D.C.Ill. 2012)(Imposing 18-year sentence on defendant who posed
daughter from age 9 to 11 for pronography; claimed he had the right
to do so); United States v. Barry, 634 F.App'x 407 (5th Cir. 2015)
(reporting 27-year sentence for defendant who used adopted,
disabled toddlers to make pornography); United States v. Street,
531 F.3d 703 (8th Cir. 2008)(affirming 30-year sentence for
defendant who molested daughter and step-daughter for years);
United States v. Dotson, 715 F.3d 576 (6th Cir. 2013)(reporting
22-year sentence for defendant who molested girlfriend's
four-year-old daughter).

Mr. Reed's sentence is plainly disproportionate.



# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237      Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*\*Scranton Office*
*+Williamsport Office*

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

June 28, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
PO Box 24550
Tucson, AZ  85734

> Re:    *United States v. Jay Eugene Reed*
>         *Appeal No. 18-3511*

Dear Mr. Reed:

I recently received notice that our appeal is scheduled for oral argument or submission for decision on the briefs during the week of September 16, 2019.  As we approach that date, the Third Circuit will advise us whether they wish to hold argument.  In general, the Court issues its opinion within the 30 to 90-day period after submission or argument.

Sincerely,

Frederick W. Ulrich
Assistant Federal Public Defender

FWU/saj

**SCRANTON OFFICE**
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

**WILLIAMSPORT OFFICE**
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



## OFFICE OF THE FEDERAL PUBLIC DEFENDER
### MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237     Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

*Scranton Office
+Williamsport Office

July 3, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

> Re:   *United States v. Jay Eugene Reed*
>        *Appeal No. 18-3511*

Dear Mr. Reed:

I received the letter you sent to your sister for delivery to me.  Since our appeal to the Third Circuit has not yet been submitted, argued, or decided, I have no idea why you are writing about seeking review in the United States Supreme Court.  In any event, I will update as I receive any information from the Court.

Sincerely,

Frederick W. Ulrich
Assistant Federal Public Defender

FWU/saj

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836

Jay Eugene Reed
Reg.No. 72881-067
USP - Tucson
P.O. Box 24550
Tucson, AZ 85734

Frederick W. Ulrich, Esq.
Asst. Federal Public Defender

RE: Your letter of July 3, 2019

Dear Mr. Ulrich,                                        July 19, 2019

I am very concerned over your statements concerning my letter dated June 10, 2019.

Did you READ my letter?

My letter of June 10, 2019 CLEARLY states: "In the event my direct appeal is affirmed" (that means if you "lose" my direct appeal).

My letter of June 10, 2019 is a request to my Counsel of Record to file a Writ of Certiorari if my direct appeal is affirmed.

My letter of June 10, 2019 contains directions to my Counsel to include defendant supplied arguments and to expand the prior inefficient Dr. Silverman argument.

I hope this clears up any misunderstanding on your part. If you remain confused, please have a superior review my letters of June 10, 2019 and July 19, 2019 to assist your comprehension.

Respectfully,

_____

Jay Eugene Reed

**Thomas Thornton**

| | |
|---|---|
| **From:** | Chris Wencker <chris@wenckerlaw.com> |
| **Sent:** | Thursday, August 22, 2019 6:09 PM |
| **To:** | Deborah Dallmann; Thomas Thornton |
| **Subject:** | Re: JReed - Clarify Sentencing (?) |
| **Attachments:** | 2019-01-17 Sentencing Orders - Jay Reed (dragged).pdf |

Hi Deb & Tom,

The sentence on each of his state counts was to run consecutive to the other state counts, but concurrent with his federal sentence; the judge made that very clear. Copies are attached.

Chris

On Thu, Aug 22, 2019 at 5:49 PM Deborah Dallmann <dkdesq@aol.com> wrote:

> Hi Chris,
>
> Jay met with his USP Case Manager today to go over his points. Apparently the State Detainer is still in effect and his Case Manager said it was because according to the records the feds have the State sentence runs **consecutive** to the federal sentencing. This is not correct. Also, the Case Manager said that each state charge is has **consecutive sentence**. We need to get this clarified with the feds. Could you send them a copy of the state sentencing order? Or could you send me a copy? Or send it to Attorney Thornton, his federal public defender?
>
> I know it may not mean anything because of the length of the fed sentence, but Jay wants it corrected.
>
> Thanks.
>
> Deb

--
Christopher B. Wencker
SHOAF AND WENCKER, LLC  (Pennsylvania)
LAW OFFICE OF CHRISTOPHER WENCKER, P.L.C.  (Arizona)
201 Fifth Street, Suite 201, Huntingdon, Pennsylvania 16652
Telephone: Pennsylvania: (814) 682-6814 -- Arizona (voice mail only): (602) 492-3509
Facsimile: (814) 690-1808
Email: chris@wenckerlaw.com
www.wenckerlaw.com

IMPORTANT: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that reading, disseminating, distributing, or copying this communication is strictly prohibited. Furthermore, the sender and sender's client do not waive confidentiality or privilege, and waiver may not be assumed, implied, or inferred. If you have received this communication in error, please immediately notify us by telephone, return the original message to the above address, and permanently delete all copies of this message from your computer system.

Computer viruses can be transmitted by e-mail. You should check this e-mail message and any attachments for viruses. Sender and sender's company accept no liability for any damage caused by any virus transmitted by this e-mail. Like other forms of communication, e-mail communications may be vulnerable to interception by unauthorized parties. If you do not wish to communicate by e-mail, please notify sender. In the absence of such notification, your consent is assumed. Sender will not take any additional security measures (such as encryption) unless specifically requested.

This is a communication from a law firm. Delivery of this communication does not constitute an offer of legal services, nor does it create an attorney-client relationship, if one does not already exist.

Please consider the environment when choosing whether to print this message.



**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101-2540
Tel.: (717) 782-2237      Fax: (717) 782-3881
*pam.fd.org*

*Federal Public Defender*
HEIDI R. FREESE

*First Assistant Federal Public Defender*
RONALD A. KRAUSS

*Chief, Trial Unit*
LORI J. ULRICH

*Chief, Appellate Unit*
FREDERICK W. ULRICH

*Scranton Office
+Williamsport Office

*Senior Litigator*
THOMAS A. THORNTON

*Assistant Federal Public Defenders*
LEO A. LATELLA*
MONICA D. CLIATT
ARI D. WEITZMAN
ELLIOT A. SMITH*
QUIN M. SORENSON
GERALD A. LORD+
BRANDON R. REISH*
*Staff Attorney*
TAMMY L. TAYLOR+

August 27, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

      *Re:*    *United States v. Jay Eugene Reed*
              *Appeal No. 18-3511*

Dear Mr. Reed:

      Enclosed, please find the following documents for your review:

    a.  Huntingdon County Court of Common Pleas Order of Sentence, dated 1-17-2019;
    b.  Email correspondence with Attorney Christopher Wencker and myself, dated
        August 22, 2019;
    c.  Email correspondence to USP Tucson: Unit Manager Makowski, Case Manager
        Stangl and Counselor Byler, dated August 27, 2019.

                                Sincerely,

                                Thomas A. Thornton
                                Assistant Federal Public Defender

TAT/mdc
Encls.

SCRANTON OFFICE
201 Lackawanna Ave., Suite 317
Scranton, Pennsylvania 18503-1953
Tel.: (570) 343-6285
Fax: (570) 343-6225

WILLIAMSPORT OFFICE
330 Pine Street, Suite 302
Williamsport, Pennsylvania 17701
Tel.: (570) 323-9314
Fax: (570) 323-9836



# FEDERAL PUBLIC
# DEFENDER
### MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Monica D. Cliatt
Ari D. Weitzman
Quin M. Sorenson

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
   Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

September 12, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

   *Re:*   *United States v. Jay Eugene Reed*
            *Appeal No. 18-3511*

Dear Mr. Reed:

   The Third Circuit notified me that our appeal will be submitted for decision on the briefs on Tuesday, September 17.  As the vast majority of cases are decided without oral argument, this is not a surprising development.  In general, the Court issues an opinion within the 30 to 90-day period following submission.  Not infrequently, however, the Court takes longer, depending on the issues and whether the panel members are in agreement.  I will update you as I receive additional information.

                    Sincerely,

                    Frederick W. Ulrich
                    Assistant Federal Public Defender

FWU/saj



# FEDERAL PUBLIC DEFENDER

MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
   Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

December 4, 2019

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

  *Re:* *United States v. Jay Eugene Reed*
    *Appeal No. 18-3511*

Dear Mr. Reed:

  Enclosed is the opinion I received today from the Third Circuit. As you will note, the Court denied our appeal. I disagree with the Court's conclusion that the evidentiary issue was not preserved in the district court, and I am disappointed in the Court's reasoning. That said, we have limited options moving forward. And for the reasons I outline below, I do not believe any of the possible options has any chance of success.

  First, within 14 days of the opinion, Appellate Rule 35 allows a party to seek rehearing *en banc*. In other words, before all of the active judges on the Third Circuit. But to file such a request, I would have to certify under oath that the opinion in our case is in direct conflict with another circuit's opinion or an opinion from the Supreme Court. As much as I had hoped for a different outcome, and while I disagree with the Court's conclusion, I would not be able to make that certification. For this reason, I cannot recommend requesting rehearing *en banc*.

  Second, under Appellate Rule 40, we are permitted to request rehearing before the same panel of judges that decided our appeal. Again, this request has to be made within 14 days of the opinion. And to make the request we would have to identify points of law or fact that the panel overlooked or misapprehended in deciding our appeal. As I said, although I disagree with the panel's conclusion and reasoning, I would not be able to point to particular facts or law that they overlooked in deciding our appeal. Moreover, it is unlikely in the extreme that the panel would reconsider its decision based on arguments that we have already made in our briefs.

December 4, 2019
Page 2

Finally, within 90 days of the opinion, we can request review in the United States Supreme Court. But the Supreme Court accepts only a tiny fraction of all cases for review. And the Supreme Court limits review to cases involving issues of constitutional import affecting a large number of people, or where there is a split among the circuit courts of how an issue should be decided. Our issues, while very important to you, do not meet the Supreme Court review criteria. As a result, I cannot recommend that we file for review in the Supreme Court.

At this point, your best remaining avenue for challenging your conviction or sentence is through a motion under Section 2255 of Title 28. I am enclosing a Section 2255 form so that you can review it to see if this is something you want to pursue. You have one year from the date your direct appeal is final to file it.

I am sorry that I was not able to obtain a better result for you. Once you have reviewed the opinion, please feel free to call or write me with any questions.

Sincerely,

Frederick W. Ulrich
Assistant Federal Public Defender

FWU/saj
Enclosure



# FEDERAL PUBLIC DEFENDER

MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson
Melissa B. Porter

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
   Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

February 21, 2020

Supreme Court of the United States
Office of the Clerk – Scott S. Harris
One First Street, NE
Washington, DC 20543

   *Re:*   *Jay Eugene Reed v. United States of America*

Dear Mr. Harris:

   Enclosed please find an original and two copies of an Application for an Extension of Time to File a Petition for a Writ of Certiorari to the United States Court of Appeals for the Third Circuit, which was filed electronically on February 21, 2020.

   Sincerely,

   Frederick W. Ulrich
   Asst. Federal Public Defender

FWU/saj
Enclosure
cc:   Noel Francisco, Esquire
   Patricia S. Dodszuweit, Clerk
   Stephen R. Cerutti, II, Esquire
   Jay Eugene Reed



# FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson
Melissa B. Porter

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
    Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

March 19, 2020

Supreme Court of the United States
Office of the Clerk – Scott S. Harris
One First Street, NE
Washington, DC  20543

    *Re:*    *Jay Eugene Reed v. United States of America*

Dear Mr. Harris:

    Enclosed please find an original and ten copies of a Motion for Leave to Proceed *In Forma Pauperis*, a Petition for a Writ of *Certiorari* to the United States Court of Appeals for the Third Circuit, and a Certificate of Service, which were filed electronically on March 19, 2020.

        Sincerely,

        Frederick W. Ulrich
        Asst. Federal Public Defender

FWU/saj
Enclosure
cc:  Noel Francisco, Esquire
     Patricia S. Dodszuweit, Clerk
     Stephen R. Cerutti, II, Esquire
     Jay Eugene Reed



# FEDERAL PUBLIC DEFENDER

MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson
Melissa B. Porter

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
    Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

March 19, 2020

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

> *Re:*   *United States v. Jay Eugene Reed*
> *Appeal No. 18-3511*

Dear Mr. Reed:

Enclosed is the petition for a writ of certiorari that we filed in the Supreme Court on your behalf.  Based on that Court's recent opinion in *Holguin-Hernandez v. United States*, No. 18-7739, we are asking the Court to remand your case to the Third Circuit and apply a more favorable review standard.  I will update you as I receive additional information.

Sincerely,

Frederick W. Ulrich
Assistant Federal Public Defender

FWU/saj
Enclosure

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC  20543-0001**

Scott S. Harris
Clerk of the Court
(202) 479-3011

April 20, 2020

Mr. Frederick William Ulrich
Federal Public Defender's Office
100 Chestnut Street
Suite 306
Harrisburg, PA  17101

Re:   Jay Eugene Reed
        v. United States
        No. 19-8097

Dear Mr. Ulrich:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

Scott S. Harris, Clerk

# FEDERAL PUBLIC
# DEFENDER

FPD

MIDDLE DISTRICT OF PENNSYLVANIA

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant**
**Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant**
**Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson
Melissa B. Porter

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant**
**Federal Public Defenders**
Leo A. Latella
  Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant**
**Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

April 24, 2020

Jay Eugene Reed
Reg. No. 72881-067
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

Re:    *United States v. Jay Eugene Reed*
       *Appeal No. 18-3511*

Dear Mr. Reed:

Enclosed is the notice I received from the Supreme Court that our petition for a writ of *certiorari* was denied. I am sorry that we were not able to obtain a better result for you. At this point, you have one year from April 20, 2020, to pursue a collateral challenge to your conviction and sentence under Section 2255 of Title 28 of the United States Code. I am enclosing a copy of the form to use in making such a challenge. Please feel free to call or write me if you have any questions.

Sincerely,

Frederick W. Ulrich
Assistant Federal Public Defender

FWU/saj
Enclosure






# POSTAL SERVICE ®

xpected delivery date specified for domestic use.

lost domestic shipments include up to $50 of insurance (restrictions apply).*

SRS Tracking® included for domestic and many international destinations.

imited international insurance.**

urance does not cover certain items. For details regarding claims exc
Manual at *http://pe.usps.com.*

e International Mail Manual at *http://pe.usps.com* for availability and




AILING ENVELOPE

R DOMESTIC AND INTERNATIONAL USE

**PRIORITY**
**★ MAIL ★**

**UNITED STATES**
**POSTAL SERVICE ®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:  JAY E REED  70881-067
UNITED STATES PENITENTIARY
PO BOX 24550
TUCSON AZ 85734

**RECEIVED**
**SCRANTON**

APR 15 2021

PER _____
DEPUTY CLERK

**TO:**

⟨⟩72881-067⟨⟩
Clerk Us Dist Ct
PO BOX 1148
Middle Dist. Penn.
Scranton, PA 18501-1148
United States

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

7020 2450 0000 1840 7639

CERTIFIED MAIL®




o schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

RACKED ▪ INSU...

PS00000000013    EP14 May 2020
OD: 11 5/8 x 15 1/8

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

DuPont™ Tyvek®