UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 1:15-CR-00193 |
| | ) | |
| v. | ) | (Kane, J.) |
| | ) | |
| JAY EUGENE REED, | ) | |
| Defendant. | ) | |

PRO SE REPLY TO

GOVERNMENT'S BRIEF IN OPPOSITION TO

MOTION UNDER 28 U.S.C. § 2255

FILED
SCRANTON

AUG 16 2021

Per _____
DEPUTY CLERK

Mr. Reed respectfully objects to the government's opening sentence. There is no DNA evidence, physical evidence or medical report that states the victims in Mr. Reed's case were raped. The government's opening sentence is vindictively meant to prejudice the court against Mr. Reed. The government used the same sentence again on page 14, lines 11 & 12, thus, the court's first and last impression of the government's brief will be based on a fraudulent statement. Mr. Reed respectfully requests the government's brief in opposition be stricken from the record as prejudicial.

Mr. Reed's counsel's performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense". Mr. Reed's counsel assured Mr. Reed that his sentence would be no more than fifteen [15] years. "Defense counsel has the duty to communicate formal offers from the prosecution to accept a plea ..." Missouri v. Frye, 566 U.S. 134, 145, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Failure to perform as constitutionally adequate counsel violates the Sixth Amendment. Exhibit 5, letter

of December 28, 2018, from counsel clearly indicates counsel's incompetence: "I am very surprised that you are at the penitentiary", "write me and explain exactly what is happening", "a short-term situation for you", "not what we hoped for or expected". These comments are not from effective counsel. A further example of incompetence is the letter of April 8, 2019, where counsel requests Mr. Reed not send case information to his sister who is an attorney. The correspondences attached to the motion under 28 U.S.C. § 2255 plainly show an objective deficient performance, thus satisfying the first Strickland prong.

"A plea of guilty will not be found to be unknowing and involuntary in the absence of proof that the defendant was not advised of, or did not understand, the direct consequences of his plea." Parry v. Rosemeyer, 64 F.3d 110, 114 (3rd Cir. 1995). Again, the correspondence from counsel clearly shows counsel was confused as to Mr. Reed's sentence. Counsel's confusion most assuredly confused Mr. Reed to the point of an unknowing and involuntary guilty plea. As a result, Mr. Reed was prejudiced to the court, thus satisfying the second prong of Strickland.

The indictment used to convict Mr. Reed was defective, thus a structural error. United States v. Inzunza, 638 F.3d 1006, 1016-17 (9th Cir. 2011). A defective indictment is a structural flaw and not subject to harmless error review, but shall be reviewed for prosecutorial misconduct and an abuse of discretion. United States v. Bryant, 655 F.3d 232, 238 (3rd Cir. 2011). The structural protections of the grand jury were compromised by the lack of facts

provided by the prosecution, thus rendering the proceedings fundamentally unfair and denying Mr. Reed <u>Due Process</u>. "The failure to submit an element of the offense to the jury is structural error becomes relevant". <u>Johnson v. United States</u>, 520 U.S. 461, 468, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997).

The test for prejudice under <u>Strickland</u> is not whether Mr. Reed would likely prevail upon remand, but whether this court would likely reverse and remand had the issues been raised on direct appeal. <u>United States v. Mannino</u>, 212 F.3d 835, 844 (3rd Cir. 2000).

In the event of an adverse ruling from this Honorable Court, Mr. Reed respectfully requests a Certificate of Appealability. Jurists of reason would debate the abnormalities throughout Mr. Reed's case and that counsel failed to provide representation as guaranteed by the <u>Sixth Amendment</u> to the <u>United States Constitution</u>.

On this date: August 3, 2021         Respectfully submitted,

*/s/ Jay E. Reed*
Jay Eugene Reed
Reg.No. 72881-067
USP - Tucson
P.O. Box 24550
Tucson, Arizona 85734

## CERTIFICATE OF SERVICE

I hereby certify that on or about August 3, 2021, that a true and correct copy of this PRO SE REPLY TO GOVERNMENT'S BRIEF IN OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255 was sent out through the mail, postage prepaid, from the UNITED STATES PENITENTIARY TUCSON, TUCSON ARIZONA, using the PRISON LEGAL MAIL SYSTEM, to the Clerk of Court for the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, HARRISBURG, PENNSYLVANIA, and copies sent to the following:

One copy sent to:

> Samuel S. Dalke
> Assistant U.S. Attorney
> PA 311803
> 228 Walnut Street, Suite 220
> Harrisburg, Pennsylvania 17108

## AFFIDAVIT

I, Jay Eugene Reed, Movant in the above Pro Se Reply, declare under penalty of perjury that the foregoing is true and correct, as provided for under Title 28 U.S.C. § 1746.

Respectfully submitted,

*/s/ Jay E. Reed*

Jay Eugene Reed
Reg.No. 72881-067
USP - Tucson
P.O. Box 24550
Tucson, Arizona 85734

Jay Reed
72881-067
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

LEGAL MAIL

RECEIVED
SCRANTON
AUG 16 2021
PER _____
DEPUTY CLERK

<>72881-067<>
Clerk Us Dist Ct
PO BOX 1148
Middle Dist. Penn.
Scranton, PA 18501-1148
United States

18501-114848

11 AUG 2021 PM 6 L

PHOENIX AZ 852

